IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,417-04






EX PARTE GERALD DEWAYNE HENDERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W86-70562-P(C) IN THE 203RD JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
robbery, and was sentenced to twenty-five years' imprisonment. 

 Applicant contends that he was denied due process during the revocation of his mandatory
supervision, because he was not afforded a preliminary hearing and because his request to have
counsel appointed was denied. Applicant alleges that he has a history of mental illness and was
under psychiatric treatment in jail while awaiting revocation, but that he was unable to present these
facts at the revocation hearing because he did not have counsel. Applicant also alleges that his
parole officer testified at the revocation hearing that he did not have a history of mental illness. 
Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with any available documents
pertaining to Applicant's 2008 revocation proceedings, including the notification of rights in the
revocation process, and the report of the hearing officer. The trial court shall then make findings of
fact as to whether Applicant requested counsel to assist him at the revocation hearing, and if so,
whether his request was denied, and as to what reason was given for the denial of counsel. The trial
court shall make findings as to whether Applicant was afforded due process in the revocation
proceedings. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 17, 2009

Do not publish